## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
THOMAS P. ATHRIDGE, *et al.*,                       )
                                                    )
                    Plaintiffs,                     )
                                                    )
        v.                                          )        Civil Action No. 96-2708 (JMF)
                                                    )
AETNA CASUALTY AND SURETY                           )
COMPANY,                                            )
                                                    )
                    Defendant.                      )
_____)

### MEMORANDUM OPINION

This case has been referred to me for all purposes including trial.  Currently

pending before me in anticipation of trial are four motions in limine: Plaintiffs' Motion in

Limine No.1 (Hypothetical Testimony about Permission) [#214], Plaintiffs' Motion in

Limine No. 2 (Aetna's Contingent Exhibits and Related Testimony) [#215], Plaintiffs'

Motion in Limine No. 3 (Prior Trial Testimony) [#226], and Defendant's Motion in

Limine [#216].  For the reasons stated in this Memorandum Opinion, Plaintiffs' Motion

in Limine No. 1 will be granted in part and denied in part; Defendant's Motion in Limine

will be granted in part and denied in part; Plaintiff's Motion in Limine No. 2 will be

granted in part and denied in part; and Plaintiffs' Motion in Limine No. 3 will be granted.

## I.    Introduction

The facts and protracted history of this case have been detailed in multiple prior

opinions.  Nearly two decades ago, then-sixteen-year-old Jorge Iglesias ("Jorge"), who

was unlicensed, took the car of his aunt and uncle, Hilda and Francisco Rivas ("the

Rivases"), and was involved in an accident that severely injured his friend, Tommy

Athridge ("Tommy").  In various proceedings, Tommy's parents ("the Athridges") sued

Jorge, Jorge's parents, the Rivases, and pertinent insurance companies.  Ultimately the

Athridges were successful in a lawsuit against Jorge for approximately $5.5 million

dollars, after which Jorge declared bankruptcy.  The Athridges then succeeded in a

lawsuit against the Rivases for the judgment; following the jury verdict in favor of the

Athridges, that judgment is currently on appeal in this Circuit.  To date, then, the

judgment for the Athridges has not been paid.

    This action is one for indemnification of Aetna Casualty and Surety Company

("Aetna"), the automobile insurer of Jorge's father at the time of the accident.  The initial

complaint included claims for breach of fiduciary duty, bad faith violations, intentional

infliction of emotional distress, indemnification, and unfair trade practices.  In separate

opinions, this Court previously entered summary judgment in favor of Aetna for all

counts.  See Athridge v. Aetna Cas. & Surety Co., 163 F. Supp. 2d 38, 48 (D.D.C. 2001);

Athridge v. Aetna Cas. & Surety Co., No. CIV. A. 96-2708, 2001 WL 214212, at *5-12

(D.D.C. Mar. 2, 2001).  On appeal, the D.C. Circuit reversed and remanded only the

indemnification claim upon a finding of a genuine issue of material fact as to whether

Jorge had a reasonable belief in his entitlement to use the car on the day of the accident,

which determines Aetna's policy coverage.  Athridge v. Aetna Cas. & Surety Co., 351

F.3d 1166, 1169-70 (D.C. Cir. 2003).  If Jorge did not have a reasonable belief that he

could drive the car, then Exclusion 11 of Aetna's policy eliminates coverage of Jorge,

and consequently the Athridges cannot succeed on their indemnification claim.  As I have

promised the plaintiffs, if the Athridges are unsuccessful in their claim at the present trial,

a second trial will address Aetna's alleged role in the defense of Jorge in the bench trial

before Judge Greene.  The only issue before the Court at the present time is whether

Jorge had a reasonable belief he was entitled to operate the vehicle in the accident that

injured Tommy Athridge.  It is in this context, therefore, that I rule on the current

motions in limine.

**II.     Plaintiff's Motion in Limine No. 1 (Hypothetical Testimony)**

Plaintiff's Motion in Limine No. 1 ("Pls. Mot. #1") seeks to preclude witnesses

for Aetna from testifying that, if the Rivases had been home on the date of the accident,

they would not have allowed Jorge to use the car.  Pls. Mot. #1 at 1.  Plaintiffs' argue

such testimony is speculative and not based on the witness's perception, rendering it

inadmissible under Federal Rules of Evidence 602 and 701.  See Memorandum of Points

and Authorities in Support of Plaintiffs' Motion in Limine No. 1 ("Pls. Mem. #1) at 1.  In

response, Aetna argues that because the Rivases would speak from their own perceptions

and personal knowledge of their relationship with Jorge, their testimony would not be

barred under Federal Rules of Evidence 602 and 701.  Those rules, argues Aetna, "do not

impose a blanket prohibition on lay witnesses testifying as to what they would have done

under different circumstances."  Defendant's Memorandum of Points and Authorities in

Opposition to Plaintiffs' Motion in Limine No. 1 ("Defs. Opp. #1") at 1.

Aetna attempts to include hypothetical testimony by the Rivases in order to aid

the jury in deciding the fifth factor in the objective test for "reasonable belief" outlined

by Gen. Accident Fire & Life Assurance Corp., Ltd. v. Perry, 541 A.2d 1340, 1349-50

(Md. Ct. Spec. App. 1988).  Defs. Opp. #1 at 4.   The fifth factor focuses on whether the

relationship between Jorge and the Rivases would have caused Jorge to reasonably

believe he was entitled to drive their car.  Id.  Aetna argues the hypothetical testimony

offered by the Rivases as to whether they would have given permission if asked goes to whether the relationship between Jorge and the Rivases gave rise to implied permission. Id. at 5.

As the plaintiffs point out, this Court held the same hypothetical testimony inadmissible in the previous related Rivas trial.  Pls. Mem. #1 at 1, citing Athridge v. Rivas, Memorandum Opinion at 4 (Dec. 21, 2004); see also Athridge v. Rivas, 421 F. Supp. 2d 140 (D.D.C. 2006).  Though Aetna cites to a 1966 case where the owner of a van involved in an accident apparently testified as to whether he would have allowed the driver permission to use the car at the time of the accident, nothing in that case indicates an evidentiary question was raised.  See Webb v. Moreno, 363 F.2d 97, 100 (8th Cir. 1966) (if asked, the owner testified, "he probably would have given [his son's friend] permission to drive").  Similarly, the second case cited by the defendant, American Fire and Cas. Co. v. Buckreis, No. 95-6427, 1997 WL 164239, at *1 (E.D. Pa. Apr. 2, 1997), refers to deposition testimony for the purposes of summary judgment and lacks any kind of evidentiary analysis.

Under Federal Rule of Evidence 602, witnesses must have personal knowledge about which they testify.  Fed. R. Evid. 602.  Additionally, under Rule 701(a), a lay witness's testimony must be "rationally based on the perception of the witness."  Fed. R. Evid. 701(a).  Speculative testimony as to what a witness would have done under different circumstances cannot possibly be based on the witness's perception.  See Washington v. Dep't of Transp., 8 F.3d 296, 300 (5th Cir. 1993).

Aetna may certainly ask the Rivases questions based on their personal knowledge, such as "whether they ever knew of Jorge driving their vehicles, whether they allowed

unlicensed and underage family members to take their vehicles, etc." Defs. Opp. #1 at 6.

Testimony as to what the Rivases *would have done* had they been home the day of the

accident is purely speculative. For the Rivases to testify as to what *the Rivases* would

have done, in retrospect, cannot be probative of any reasonable belief of *Jorge*, and

therefore shall not be admitted. Plaintiffs' first motion in limine as pertains to testimony

by the Rivases is therefore granted.

Similarly, Aetna seeks to elicit from Jorge testimony as to whether Jorge thought

that, if he had asked the Rivases for permission to drive their vehicle, he would have

received that permission. Defs. Opp. #1 at 4. Under <u>Perry</u>, the first question for the jury

is whether Jorge "knew he was *not* entitled to drive [the car] and not whether he knew he

was entitled to drive." <u>Perry</u>, 541 A.2d at 1350. The question of whether Jorge thought

he would have received permission had he asked is relevant to whether he knew he was

*not* entitled to drive the car. His testimony is therefore admissible and that aspect of

<u>Plaintiffs' Motion in Limine No. 1</u> is denied.

## III.   Defendant's Motion in Limine

<u>Defendant's Motion in Limine</u> ("Defs. Mot.") proceeds in two parts. First, Aetna

seeks to open and close the evidence and argument before the jury pursuant to Federal

Rule of Evidence 611 because Aetna bears the burden of persuasion as to the

inapplicability of the policy exclusion at issue. Defs. Mot. at 1. Second, Aetna seeks to

exclude twelve categories of evidence from admission at trial under the Federal Rules of

Evidence. <u>Id</u>. at 1-2.

A.      <u>Order of Trial</u>

Aetna moves to open and close the evidence and argument at trial under Federal Rule of Evidence 611, which grants the court broad discretion in exercising "reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to . . . make the interrogation and presentation effective for the ascertainment of the truth."  Fed. R. Evid. 611.  Aetna argues that, because it bears the burden of persuasion to show that Jorge did not have a reasonable belief to operate the car and therefore Aetna is not obliged to pay on the policy, the Court should exercise its discretion and allow Aetna to present its case first and thus to present rebuttal.  <u>Memorandum of Points and Authorities in Support of Defendant's Motion in Limine</u> ("Defs. Mem.") at 3-4.

The Athridges argue their own burden of proof still exists to achieve indemnification under the terms of Aetna's policy, and so the Court should follow the traditional order of trial and allow plaintiffs to proceed first.  <u>See</u> <u>Plaintiffs' Memorandum in Opposition to Aetna's Motion in Limine</u> ("Pls. Opp.") at 2-4.  But none of the issues the Athridges present are in dispute for the purposes of the present trial.  <u>See Reply Brief in Support of Defendant's Motion in Limine</u> ("Defs. Reply") at 3.  Aetna concedes that Jorge would be covered under the policy but for the "reasonable belief" exclusion, and thus the only matter of proof at trial is for Aetna to show that Jorge did not have a reasonable belief he was entitled to operate the vehicle at the time of the accident.  Defs. Mem. at 3-4; Defs. Reply at 4.  Quite simply, contrary to the plaintiffs' assertion of their own "more general" burden of production, the plaintiffs have absolutely nothing to prove in this case.  <u>See</u> Pls. Opp. at 4.  Indeed, the majority of plaintiffs' arguments against allowing Aetna to proceed first focus on the need for plaintiffs to establish

Aetna's control of Jorge's defense, which will be dealt with only at a later trial if necessary.

Aetna argues further that to allow plaintiffs to open the trial would result in "their arguing a double-negative to the jury, i.e., Jorge Iglesias was **not** using the Jetta **without** a reasonable belief that he was entitled to do so." Defs. Mem. at 5. The plaintiffs claim that to permit Aetna to proceed first "manifestly would be highly prejudicial to Plaintiffs' right to present their case in an orderly fashion." Pls. Opp. at 4. Plaintiffs fail to indicate, however, how allowing Aetna, with the burden of persuasion, to open and close argument and presentation of evidence would interrupt the plaintiffs' own presentation of their case.

Moreover, the legal authority provided by both parties supports Aetna's motion to present its case first. Courts have repeatedly granted insurers the opportunity to open and close a case where the insurer bears the sole burden of proof on an exclusion or some other policy issue. See Dishman v. American Gen. Assur. Co., 193 F. Supp. 2d 1119, 1127-28 (N.D. Iowa 2002) (allowing insurer, "the party bearing the burden of proof on the only issues remaining, to open and close the case"); Clemmons v. Allstate Ins. Co., 388 S.E.2d 357, 358-59 (Ga. Ct. App. 1989) (allowing defendant insurer to open and close case where only factual issues remaining were affirmative defenses). Precedent provided by plaintiffs is inapposite. In Rowan Cos., Inc. v. Ainsworth, 50 F. Supp. 2d 588, 590-91 (W.D. La. 1999), the court placed the burden of proof on an employer seeking a declaratory action denying its liability. But Aetna is not seeking a declaratory action to avoid liability; Aetna in fact concedes liability unless it shows Jorge did not have a reasonable belief that he was entitled to drive the Rivases' car. Nor did the court

re-align the parties in <u>L-3 Comm. Corp. v. OSI Sys., Inc.</u>, 418 F. Supp. 2d 380, 383 (S.D.N.Y. 2005), finding "both parties bear the burden of proof on distinct counts of their causes of action," which is decidedly not the case before this Court, where plaintiffs bear no burden of proof whatsoever.

The only issue for the present case is one where Aetna bears the burden of proof in establishing the applicability of the exclusion.  All other points for which the plaintiffs assert their burden are either ones conceded to by Aetna, such as Jorge's status as a "covered person" under the policy and the applicability of Exclusion 11, or, as with the issue of estoppel, ones that will not be addressed until a later trial if necessary.  The defendant could not be any clearer:  "Aetna admits that, but for the 'reasonable belief' exclusion, Jorge Iglesias would have qualified as a 'covered person' under the Policy and been entitled to coverage, up to policy limits, for the judgment against Jorge Iglesias." Defs. Mem. at 4-5.  For these reasons, Aetna's motion to open and close the evidence and argument is granted.

B.      Aetna's Objections to Plaintiffs' Proposed Evidence

The remainder of Aetna's motion in limine seeks to exclude a wealth of evidence proposed by the plaintiffs.  These bodies of evidence include: (1) evidence relating to Paul Pearson's assistance in Jorge's defense; (2) testimony from Roger Heald and evidence regarding his communications with Aetna; (3) evidence relating to Tommy's injuries and damages; (4) evidence relating to the verdict and judgment in plaintiffs' lawsuit against the Rivases, (5) Judge Greene's opinion in plaintiffs' lawsuit against Jorge; (6) evidence regarding statements made by Jorge to John Bruce Thornburg about prior instances where Jorge drove the Rivases' vehicle; (7) evidence relating to pleadings

in the D.C. Superior Court case, <u>Aetna v. Iglesias</u>, Civ. No. 90-011645; (8) evidence

regarding the Rivases' first-party insurance coverage; (9) evidence regarding the transfer

of Jorge's rights to plaintiffs; (10) testimony from plaintiff Thomas P. Athridge, Jr.,

Tommy's father; (11) answers to interrogatories of persons not parties to this case; and

(12) recorded statements of Jorge and John Bruce Thornberg. Defs. Mot. at 1-2.

      1.     *Evidence Relating to Jorge's Defense*

      Aetna objects to the introduction of evidence relating to Aetna's defense of Jorge

at his previous trial for good reason.  Defs. Mem. at 6-7.  The Athridges acknowledge

they intend to "use this evidence to show both that Aetna is bound by Judge Greene's

decision . . . and also that Aetna, with full knowledge of all relevant facts, acted as if the

policy provided coverage, even though it maintains in this case there was no coverage."

Pls. Opp. at 7.  The Athridges claim that Aetna's payment to Paul Pearson to assist in

Jorge Iglesias's defense discredits Aetna's position that the accident was not covered by

the policy.  <u>Id</u>.  However, this is unrelated to the question of Jorge's reasonable belief in

his entitlement to operate the vehicle, the sole question before the Court at the present

time.

      I appreciate that the Athridges are arguing that there is a probative difference

between Aetna's denial of coverage in this case and their paying Paul Pearson to assist in

Jorge's defense in the case before Judge Greene.  But, once the jury learns of that

payment, fairness dictates that the jury learn all of the circumstances surrounding Jorge's

defense, including, for example, the reservation of rights that Jorge signed and all of the

other facts pertaining to Pearson's efforts.  Proving all of the facts surrounding what

Pearson did takes the jury far afield and distracts from the only crucial issue in the case:

whether Jorge had a reasonable belief that he was entitled to drive the car.  I therefore must conclude, under Rule 403, that what little probative value the evidence as to Aetna's paying Pearson has is overwhelmed by its tendency to raise collateral issues and confuse the jury.  I will not permit the introduction of this evidence or any evidence relating to Jorge's defense.  Defendant's motion is therefore granted as to any evidence pertaining to Jorge's defense before Judge Greene.  This necessarily includes the testimony and correspondence of Roger Heald, and thus defendant's motion is also granted on that evidence.

      2.     *Evidence of Tommy's Injuries and Damages*

Evidence relating to Tommy Athridge's injuries and the amount of damages awarded to him, including but not limited to testimony of Tommy himself and Judge Greene's prior opinion, is also inadmissible.  The severity of Tommy's injuries is probative of nothing related to whether Jorge had a reasonable belief in his entitlement to use the Rivases' car at the time Tommy was injured.  See Fed. R. Evid. 402.  Furthermore, Aetna is willing to stipulate to Tommy's injuries as severe and permanent and that the damages were substantial.  Defs. Reply at 8.  Therefore, I will begin the trial with an explanation to the jury that we are here because Tommy Athridge was seriously injured and has been awarded a substantial judgment due to Jorge's responsibility in causing those injuries.  I will then revisit the matter if necessary when instructing the jury prior to its deliberations.  In light of its lack of any probative value, evidence of Tommy's particular injuries and the amount of damage awarded to him is inadmissible.  Defendant's motion is therefore granted on this issue.

3.      *Evidence Relating to the Verdict in* <u>Athridge v. Rivas</u>

Aetna seeks to bar plaintiffs from introducing evidence relating to the verdict in

<u>Athridge v. Rivas</u> on the grounds that such evidence is hearsay pursuant to Federal Rule

of Evidence 801 as well as irrelevant and highly prejudicial under Rules 402 and 403.

Defs. Mem. at 14-15.  The Athridges intend to introduce the evidence to show a jury

previously found the Rivases consented to Jorge's use of the vehicle on the day of the

accident, and that the verdict has not been overturned, under the residual exception to the

hearsay rule, Federal Rule of Evidence 807.  Pls. Opp. at 11.

Plaintiffs' argument is slightly misleading.  The jury in the <u>Rivas</u> trial found that

the Rivases had **not** shown by a preponderance of the evidence that they did **not** consent

to Jorge's use of the car.  <u>See</u> Verdict Form, Docket #224, <u>Athridge v. Rivas</u>, 89-1222

(01/12/2005) ("Do you find that the defendants have established by a preponderance of

the evidence that they did not consent to Jorge Iglesias' use of the car on the day of the

accident?" The jury checked the box indicating "No.").  To admit the verdict for the

purpose of **establishing** consent, then, would be to assume a conclusion the jury did not

reach.  Furthermore, the plaintiffs wish to show the verdict has not been overturned, but

as the Athridges well know, an appeal of that verdict is currently before the D.C. Circuit.

The <u>Rivas</u> trial focused on the intentions of the *Rivases*, specifically as to whether

they did not consent to Jorge's use of their car and whether they were negligent in

permitting Jorge access to the keys to their car and, if so, whether their negligence

proximately caused the accident.  <u>See</u> <u>Athridge</u>, 421 F. Supp. 2d at 143.  Neither of these

issues in any way involves Jorge's reasonable belief in his entitlement to drive their car.

As Aetna argues, this subtle distinction may confuse the jury.  Defs. Mem. at 15.

Courts have consistently avoided potential jury confusion and unfair prejudice in related actions by excluding judicial findings, convictions, and similar evidence on Rule 403 grounds.  See Faigin v. Kelly, 184 F.3d 67, 80-81 (1st Cir. 1999) ("A lay jury is quite likely to give special weight to judicial findings merely because they are judicial findings."); Nipper v. Snipes, 7 F.3d 415, 418 (4th Cir. 1993) ("judicial findings of fact 'present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice'") (internal citations omitted); Greycas, Inc. v. Proud, 826 F.2d 1560, 1567 (7th Cir.1987) ("A practical reason for denying [judgments] evidentiary effect is . . . the difficulty of weighing a judgment, considered as evidence, against whatever contrary evidence a party to the current suit might want to present. The difficulty must be especially great for a jury, which is apt to give exaggerated weight to a judgment.").  In light of the undue weight the jury is likely to give the Rivas verdict, and the unfair prejudice that could result, the Rivas verdict and related evidence is not admissible.

Even if I found that the Rivas verdict and related evidence met the requirements for admissibility under the residual hearsay exception, I would still find the evidence too prejudicial to be admitted pursuant to Rule 403.  See Hairston v. Washington Metro. Area Transit Auth., No. CIV. A. 93-2127, 1997 WL 411946, at *2 (D.D.C. Apr. 10, 1997). Defendant's motion in this respect is thereby granted.

  4. *Judge Greene's Decision in Athridge v. Iglesias*

Plaintiffs wish to introduce the findings of Judge Greene in Jorge's bench trial in Athridge v. Iglesias, 950 F. Supp. 1187 (D.D.C 1996), as evidence of Jorge's facility with

a stick shift and witness credibility.[1]  Pls. Opp. at 18.  Aetna moves to exclude the

opinion of Judge Greene on the basis of hearsay.  Defs. Mem. at 18-19.  According to

Aetna, the issues before Judge Greene focused on Jorge's tort liability, which Aetna does

not dispute, and on damages, for which Aetna does not dispute liability if Jorge is found

to have had a reasonable belief in his entitlement to drive the Rivases' car.  Id.  The

issues heard by Judge Greene are not before this jury, and the question of reasonable

belief was not before Judge Greene.  See id.; Athridge, 950 F. Supp. 1187.

Findings of fact by a judge are hearsay not subject to any exception enumerated

by the Federal Rules of Evidence.  See United States v. Jones, 29 F.3d 1549, 1554 (11th

Cir. 1994); Hairston, No. CIV. A. 93-2127, 1997 WL 411946, at *2.  Nonetheless,

plaintiffs argue the hearsay rule does not apply to Judge Greene's opinion because Aetna

is bound by it out of Aetna's duty to defend Jorge and Aetna's payment of Pearson, citing

to Montana v. United States, 440 U.S. 147 (1979).  Pls. Opp. at 16.  In Montana, the

United States was collaterally estopped from challenging a Montana Supreme Court

decision after prior identical claims were decided against the government and the

government was found to have exercised control over the prior litigation. Montana, 440

U.S. at 152-54.  A non-party may also be bound by earlier litigation if he controlled a

party's involvement in it.  Id.  In the present case, however, neither privity between Aetna

and Jorge nor Aetna's control over Jorge's defense has been established; I have

specifically stated that Aetna's role in Jorge's defense through Pearson and the question

of estoppel will be addressed in a separate trial if necessary.  As the Court has not

---

[1]  Plaintiffs also intend to introduce Judge Greene's opinion as evidence of Tommy Athridge's injuries and damages award. Pls. Opp. at 11. As the Court has ruled on the inadmissibility of that evidence, Judge Greene's opinion is discussed here only in relation to the plaintiffs' intention to introduce it for other purposes.

established that Judge Greene's findings are binding on Aetna for the purposes of this trial, his opinion will not be admitted on those grounds.

The plaintiffs further argue the Court's previous admission of Judge Greene's findings under the residual hearsay exception in the <u>Athridge v. Rivas</u> trial should result in admissibility on the same basis for present purposes.  Pls. Opp. at 17.  Hearsay evidence may be admitted under the residual exception if the evidence "has equivalent circumstantial guarantees of trustworthiness" as the other exceptions enumerated by the rules and the Court determines that "(A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interest of justice will best be served by admission of the statement into evidence."  Fed. R. Evid. 807.  But key differences exist between <u>Rivas</u> and the present trial.  In <u>Rivas</u>, I admitted Judge Greene's findings of fact because (1) the findings provided evidence of the material fact of whether the Rivases gave Jorge consent to use the car; (2) the findings were more probative than any other evidence available through reasonable efforts, as "plaintiffs should not have to re-introduce all of the evidence that they would have introduced against the Rivases a decade ago, had the Rivases not been improvidently dismissed; and (3) the interests of justice" were served by admission of Judge Greene's findings.  <u>See</u> <u>Athridge v. Rivas</u>, 89-1222, Mem. Op. 12/21/04 at 11.  More significantly, the Court based its ruling too on a document submitted to the Court in which the Rivases conceded that they were bound by Judge Greene's decision.  <u>Id</u>. at 13.

The scenarios that led to the admission of Judge Greene's findings of fact in <u>Rivas</u> are simply not present in this case. First, Aetna did not and does not concede to the findings of Judge Greene on the issue of Jorge's reasonable belief. Second, Aetna was not a party improvidently dismissed in the liability proceedings before Judge Greene such that this evidence would have been presented against them had they not been improvidently dismissed. Therefore, under Rule 403, the prejudice to Aetna by admitting Judge Greene's findings overwhelms any probative value of the decision to the extent that it bears on Jorge's ability to drive the car on the day of the accident. <u>See</u> <u>Nipper</u>, 7 F.3d at 418 ("judicial findings of fact . . . would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice") (internal citations omitted). Moreover, as Aetna points out, the Athridges have available other evidence, namely testimony from Jorge and Thornburg, that will bear on Jorge's ability to drive the car with ease. Defs. Reply at 14. Judge Greene's opinion is therefore inadmissible and defendant's motion in limine is granted on that point.

5.    *Statements of Jorge Made to John Bruce Thornburg*

The plaintiffs also wish to introduce testimony from John Bruce Thornburg regarding statements by Jorge that he previously drove the Rivases' vehicles. <u>See</u> Pls. Opp. at 22. Aetna claims such statements are pure hearsay. Defs. Mem. at 22. Plaintiffs counter that D.C. Circuit opinions in <u>Rivas</u> and the present case necessarily require admission of Thornburg's statements. Pls. Opp. at 22.

In <u>Athridge v. Rivas</u>, Thornburg was permitted to testify as to Jorge's statements under Federal Rule of Evidence 801(d)(2) because Jorge's statements were considered a party admission in light of the statutory vicarious liability at issue in that suit. In this

case, no such relationship exists between Jorge and Aetna for purposes of admitting statements of a party opponent, so any basis for admissibility will differ from the reasons Thornburg testimony was permitted in <u>Rivas</u>.

The plaintiffs argue that Jorge's statements to Thornburg that Jorge had previously driven the Rivases' car "show his belief that he was entitled to use their cars," which makes the testimony permissible as evidence of Jorge's state of mind under Rule 803(3).  Pls. Opp. at 23.  This argument is misplaced.  Rule 803(3) by its very terms limits the "state of mind" exception to the hearsay rule to exclude "a statement of memory or belief to prove the fact remembered or believed."  Fed. R. Evid. 803(3).   The plaintiffs are attempting to argue the reverse in that the fact that Jorge drove the cars previously indicates a state of mind of reasonable belief.  But the statements that plaintiffs' wish to enter as evidence do not speak to Jorge's *state of mind* as to his reasonable belief in his entitlement to drive the Rivases' car; the statements discuss *what Jorge says he did*.  The probative value of the statements comes from the implied inference that, if Jorge drove one of the Rivases' cars previously, he had a reasonable belief that he could drive their car the date of the accident, which necessarily requires admission of Thornburg's statements as to the facts of what Jorge said for their truth—the very definition of hearsay.  Jorge's *state of mind* does not factor into the statements proferred, and therefore the statements are not admissible under Rule 803(3).

The only way Thornburg's statements come into this trial is through Federal Rule of Evidence 613(b), which permits introduction of extrinsic evidence of a prior inconsistent statement of a witness.  This Court held in <u>Rivas</u> that prior pleadings are admissible in subsequent litigation on cross-examination as an impeachment tool under

Rule 613.  <u>Athridge</u>, 421 F. Supp. 2d at 151 (quoting <u>Dugan v. EMS Helicopters, Inc.</u>, 915 F.2d 1428, 1431-32 (10th Cir.1990)).  Jorge Iglesias is expected to attend and testify at this trial.  <u>See</u> Pls. Opp. at 23.  If he denies telling Thornburg he had previously driven the Rivases' cars, statements Jorge made to Thornburg may be admitted pursuant to Rule 613(b).  Therefore, defendant's motion as to testimony from John Bruce Thornburg as to statements Jorge made regarding previous times he drove the Rivases' vehicle is denied.  These statements may be admitted once the foundation is laid by asking Jorge to admit or deny he made them.[2]

### 6.   *Aetna v. Iglesias Declaratory Action*

Plaintiffs wish to introduce pleadings from the <u>Aetna v. Iglesias</u> declaratory action as evidence of Jorge's denial (through counsel) in answer to that complaint that he operated the vehicle without a reasonable belief that he was entitled to do so, which Aetna argues is pure hearsay.  Defs. Mem. at 23.  The Athridges claim that Jorge will be asked at trial whether he denied operating the Rivases' car without a reasonable belief.  Pls. Opp. at 24.  If he then denies having done so, plaintiffs argue, the answer from the declaratory action is admissible under Federal Rule of Evidence 613(a).  <u>Id</u>.

As the Court ruled in <u>Athridge v. Rivas</u>, "although Attorney Starr may have drafted and signed Iglesias's answer, the statements contained therein are considered statements of Iglesias himself."  <u>Athridge</u>, 421 F. Supp. 2d at 151.  As stated previously, the Court has also held that prior pleadings are admissible in subsequent litigation on

---

[2]  In its Reply, Aetna claims Jorge cannot be asked at trial whether he told Thornburg he had previously driven the Rivases' cars because this would elicit hearsay.  Defs. Reply at 18.  The argument is misplaced. Any statements Jorge made to Thornburg will not be admitted for the truth of the facts asserted in those statements; asking whether or not Jorge made the statements at all goes to inconsistency of a witness's prior statements.  In this context, the statements to Thornburg are not hearsay and Jorge may be asked about them for impeachment purposes.

cross-examination as an impeachment tool under Rule 613 of the Federal Rules of

Evidence.  Id. (quoting Dugan, 915 F.2d at 1431-32; Williams v. Union Carbide Corp.,

790 F.2d 552, 555-56 (6th Cir.1986) (statements made by an attorney concerning a matter

within the scope of his employment may be admissible against the client and pleadings in

a prior case may be used as evidentiary admissions).  As in Rivas, the defendant in this

case will have the opportunity to question Jorge about his answer and about whether he

ever told his attorney that he had a reasonable belief that he had the Rivases' consent to

use their vehicle.

Aetna also argues this evidence is inadmissible under Federal Rule of Evidence

701 because it is a lay opinion about which he cannot testify.  Defs. Mem. at 24.  As the

plaintiffs clarify, the evidence will not be offered in an attempt to "present the answer as

an opinion but as an historical fact as to Iglesias' position (through counsel), when first

confronting the issue."  Pls. Opp. at 24.  Because the evidence will be introduced for

impeachment purposes only, Rule 701 does not apply.

Aetna finally argues the introduction of pleadings from Aetna v. Iglesias would

lead to undue confusion of the jury and outweigh any probative value in violation of Rule

403.  However, Aetna will have the opportunity to address any confusion that may result

from impeaching Jorge in their questioning and argument to prevent any problems under

Rule 403.  There is no reason to deny admissibility on the basis of Rule 403.  Defendant's

motion is therefore denied as to pleadings from Aetna v. Iglesias for the limited purpose

of impeachment.

If Jorge's answer in Aetna v. Iglesias is introduced, Aetna argues it should be

permitted to admit rebuttal evidence to show the surrounding facts of Jorge's answer to

Aetna's complaint in the D.C. Superior Court case.  Defs. Mem. at 25.  The plaintiffs do

not object to the questioning of Jorge's attorney or to the introduction of Starr's

opposition papers, but they do object to any introduction of the judge's orders in the

declaratory action.  Pls. Opp. at 25.  The presiding judge in that case, Judge Wolf, did not

make any findings in the declaratory action as to Jorge's reasonable belief because

Aetna's motion was unopposed.  His order following Aetna's motion for summary

judgment is therefore irrelevant.  Moreover, as discussed earlier in this opinion, the jury

is likely to attribute undue weight to any judicial outcome of the declaratory action,

warranting its inadmissibility under Rule 403.  See Greycas, Inc., 826 F.2d at 1567.

> 7.     *Evidence of the Rivases' Collision Insurance Coverage*

To illustrate the closeness between the Iglesias and Rivas families, the plaintiffs

intend to ask Hilda Rivas about Jorge paying for damage to the Rivases' car, even though

GEICO, the Rivases' primary insurance carrier, previously paid for damage to the car

pursuant to the applicable policy.  Pls. Opp. at 25.  Aetna argues that evidence of

payment for damages to the Rivases' car is irrelevant to the question of Jorge's

reasonable belief.  Defs. Mem. at 25.  Moreover, Aetna contends that introduction of

evidence as to GEICO's payments to the Rivases prejudicially suggests Aetna's

recalcitrance in payment on its policy to the Athridges.  Id. at 26.

Evidence of payment for damage to the car by GEICO or Jorge is simply not

relevant to whether Jorge had a reasonable belief in his entitlement to operate the vehicle

at the time of the accident.  And the prejudice inherent in presenting evidence of

GEICO's insurance payments is best illustrated by the plaintiffs' own description of

Aetna "stonewalling" in making payments to the Athridges.  Pls. Opp. at 26.  Since

evidence of payments by GEICO or Jorge for damage to the Rivases' car cannot offer anything relevant to the question of Jorge's reasonable belief, the evidence is inadmissible under Federal Rule of Evidence 402 and defendant's motion on this issue is granted.

8.      *Evidence Relating to Assignment*

Aetna moves to block any evidence relating to Judge Greene's assignment of Jorge's assets to plaintiffs following judgment against Jorge.  Defs. Mem. at 26. Plaintiffs indicate they do not intend to make any reference to the assignment at trial and only intended to refer to the assignment through Judge Greene's opinion.  Pls. Opp. at 26. In light of plaintiffs' representations and this Court's ruling on the inadmissibility of Judge Greene's opinion, Aetna's motion to exclude evidence of Jorge's assignment is denied as moot.

9.      *Other Impeachment Evidence*

The concluding sections of defendant's motion focus on the admissibility of certain impeachment evidence.  Plaintiffs intend to offer testimony from Plaintiff Thomas P. Athridge, Jr., regarding the previous trials in which the Athridges were plaintiffs and to authenticate certain exhibits.  Pls. Opp. at 26-27.  Aetna objects on the grounds of relevancy and prejudice under Rules 402 and 403.  Defs. Mem. at 27.  As stated earlier in this Memorandum Opinion, evidence relating to prior testimony may be admissible in certain circumstances for impeachment purposes only.  The Court therefore defers ruling on the admissibility of this testimony until the appropriate time at trial.

Finally, Aetna moves to exclude evidence of answers to interrogatories of persons not parties to this case and the recorded statements of Jorge and John Bruce Thornburg,

which were not taken under oath, on the basis of hearsay under Rule 802.  Defs. Mem. at

27.  Plaintiffs listed these documents as exhibits for the purposes of impeachment, if

necessary, on cross-examination.  Pls. Opp. at 27.  Therefore, the Court defers ruling on

the admissibility of each until the appropriate time at trial.

## IV.   Plaintiffs Motion in Limine No. 2 (Rebuttal Evidence)

Plaintiffs' Motion in Limine No. 2 (Rebuttal Evidence) ("Pls. Mot. #2) deals

entirely with rebuttal evidence that Aetna proposes in response to evidence objected to in

Defendant's Motion in Limine.  Specifically, plaintiffs object to four categories of

rebuttal evidence by Aetna: (1) documents relating to GEICO's declaratory judgment

action; (2) documents relating to Aetna's declaratory judgment action; (3) documents

relating to the Athridges' action against the Iglesiases and against Aetna as the insurer of

Jesus Iglesias under the Diplomatic Relations Act; and (4) letters written by attorneys for

plaintiffs, the Iglesiases, and Aetna.  Pls. Mot. #2 at 1.

Most of the issues presented by plaintiffs' second motion in limine are moot in

light of the Court's findings of inadmissibility for evidence objected to by Aetna in

Defendant's Motion in Limine.  Any rebuttal evidence as to (a) Aetna's role in Jorge's

defense before Judge Greene; (b) Tommy Athridge's injuries and the resulting damages

award; (c) the Rivas verdict; (d) the opinion of Judge Greene; (e) payments made by

Jorge or GEICO for damage to the Rivases' vehicle; or (f) the assignment of Jorge's

chose-in-action rights to plaintiffs is all irrelevant in light of this Court's rulings denying

admissibility of these bodies of evidence.  Therefore, plaintiffs' second motion in limine

is denied as moot regarding (1) evidence relating to the GEICO declaratory action; (2)

evidence relating to plaintiffs' previous lawsuits against the Iglesiases and Aetna; (3)

letters relating to the <u>Athridge v. Rivas</u> judgment and jury verdict; (4) letters from Koonz to Aetna regarding the existence of Aetna's coverage; and (5) evidence relating to the uninsured motorist coverage.

In the above section, Aetna's motion for inadmissibility of certain evidence was only denied with respect to statements Jorge made to John Bruce Thornburg and pleadings in the <u>Aetna v. Iglesias</u> declaratory action, which may be admitted for impeachment purposes only.  As the Court has already explained in its ruling regarding admissibility of the pleadings in <u>Aetna v. Iglesias</u>, if pleadings are introduced for impeachment purposes,[3] the defendant is entitled to rebut the contention that Jorge denied (through counsel) lacking a reasonable belief in his entitlement to drive the car.  Plaintiffs cannot have it both ways.

However, as explained above, the presiding judge in <u>Aetna v. Iglesias</u> did not make any findings regarding Jorge's reasonable belief because Aetna's motion was unopposed.  The Court has held, therefore, that Judge Wolf's judgment on Aetna's summary judgment motion is inadmissible.  <u>Plantiffs' Motion in Limine No. 2</u> is therefore denied as to rebuttal evidence involving <u>Aetna v. Iglesias</u> pleadings, but not in reference to the judgment of Judge Wolf, which remains inadmissible.  I will rule on each pleading and related piece of evidence as it is offered.

The Athridges also want to block admission of communications between their former counsel and Aetna's counsel regarding declarations made by John Bruce Thornburg relating to payments made by the Athridges to Thornburg, and regarding the

---

[3] In this motion, plaintiffs argue the answer to the complaint in Aetna's declaratory judgment action is admissible as an adoptive admission.  Pls. Mem. #2 at 6.  This is incorrect; Jorge is not a party to this action and Aetna never authorized anyone, including Irving Starr, to make a statement on its behalf.  The only basis for admissibility is impeachment under Federal Rule of Evidence 613.

fact that plaintiffs' counsel drafted both declarations.  <u>Defendant's Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion in Limine No. 2</u> ("Defs. Opp. #2") at 8.  As Aetna has explained, it will only introduce this evidence if necessary to impeach evidence of the same introduced by the Athridges of Thornburg testimony, the Court defers ruling until the appropriate time.

Finally, Aetna plans to introduce a letter from Irving Starr to Aetna stating that Jorge "took a car belonging to his uncle Francisco Rivas and the uncle's business, Churreria Madrid, without permission."  <u>Id</u>. Aetna claims it is an admission of a party opponent, going back to the Athridges' position as Jorge's assignees such that the Athridges "stand in the shoes" of Jorge for this purpose.  <u>Id</u>.  This Court has rejected the "stand in the shoes" argument repeatedly in this case, eliminating the hearsay exception on which Aetna relies for admitting Starr's letter.  The letter is therefore inadmissible and plaintiff's second motion in limine is granted as to this evidence only.

## V.      Plaintiffs' Motion in Limine No. 3 (Previous Trial Testimony)

<u>Plaintiff's Motion in Limine No. 3 (Previous Trial Testimony)</u> ("Pls. Mot. #3") seeks to permit, pursuant to Federal Rule of Evidence 804, use of the prior testimony of John Bruce Thornburg and Robert Schaar from the previous <u>Rivas</u> and <u>Iglesias</u> trials. Pls. Mot. #3 at 1.  Both witnesses, who live out of state, are unavailable under Rule 804(a)(5) despite the reasonable efforts of plaintiffs to bring Thornburg and Schaar to trial.  <u>See</u> <u>Memorandum of Points and Authorities in Support of Plaintiffs' Motion in Limine No. 3</u> ("Pls. Mem. #3) at 2.  The plaintiffs argue the testimony is therefore admissible under Rule 804(b)(1) since Jorge and the Rivases are both "predecessors in interest" to Aetna.  <u>Id</u>. at 3.  However, Aetna argues the plaintiffs' position requires the

Court to "effectively read the phrase 'predecessor in interest' out of the text of Rule 804(b)(1)." Defendant's Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion in Limine No. 3 ("Defs. Opp. #3") at 1.

But reading the strict language of "predecessor in interest" out of the rule is precisely what courts have done in applying the standard for admitting former testimony of unavailable declarants. Rule 804(b)(1) allows prior testimony of unavailable witnesses "if the party against whom the testimony is now offered or, in a civil action or proceeding, a predecessor in interest, had a similar motive to develop the testimony by direct, cross, or redirect examination." Fed. R. Evid. 804(b)(1). Aetna urges the Court to apply the plain language of the rule's predecessor-in-interest requirement, quoting a lead authority: "While the term predecessor in interest is not defined in either the rule itself or the legislative history, arguably a meaning consistent with the common law of privity was intended." Id. at 5 (quoting M. Graham, 30B Federal Practice and Procedure, § 7073 (2006)). Aetna may be surprised, if continuing with the citation it quoted, to find that, "[i]n any event, courts have interpreted the phrase predecessors in interest to extend beyond privity to encompass parties sharing a "'community of interest.'" M. Graham, Federal Practice and Procedure: Evidence § 7073 (Interim Edition).

The leading case on application of the predecessor-in-interest requirement is Lloyd v. American Export Lines, Inc., 580 F.2d 1179 (3d Cir. 1978). In that case, the testimony of Lloyd, an unavailable witness, was admitted despite the fact that the opposing party had not been a party to the prior action or a predecessor in interest in the sense of privity. Id. at 1182. The Lloyd court found a sufficient "community of interest" existed to satisfy the requirements of Rule 804(b)(1). Id. at 1186.

The presence or absence of a legal relationship between the parties in the previous litigation and the parties in the present case is therefore not dispositive.  <u>See</u> <u>Horne v. Owens-Corning Fiberglass Corp.</u>, 4 F.3d 276, 283 (4th Cir. 1993) (finding that privity is not the "gravamen of the analysis").  In <u>Horne</u>, the court relied on the Advisory Committee Note to Rule 804(b)(1) to preclude admissibility of previous testimony only if the new party provided "distinctions in her case not evidenced in the earlier litigation that would preclude similar motives of witness examination."  <u>Id</u>.  In that case, an asbestos action, the plaintiff against whom the prior testimony was offered and admitted was in the same situation as the prior plaintiff, though no other legal relationship existed.

Here, even if the Athridges have not shown a legal relationship between the parties, such a showing is not necessary for the admissibility of Thornburg and Schaar's testimony.  Aetna has not suggested any difference between the current case and the <u>Rivas</u> trial at which Thornburg and Schaar testified that would preclude similar motives of witness examination.  To the contrary.  The issues presented for the current trial are closely related to those posed in <u>Rivas</u>, which Aetna does not dispute.  Though the question of "reasonable belief" at issue here differs somewhat from the "consent" question posed in <u>Rivas</u>, the court of appeals found a question of fact as to both based on the same presentation of evidence.

> We have already found in a previous appeal that the evidence submitted by the Athridges in that case—which is the same as they submit here— was enough to create a jury question as to whether Jorge had consent to use the car on the day of the accident.  *See Rivas II*, 312 F.3d at 478 (discussing evidence).  If he had consent, he almost certainly had a reasonable belief in his entitlement to use the car.

<u>Aetna</u>, 351 F.3d at 1172.  It is inconceivable, then, that the motives in cross-examining either witness in this case would differ from any previous proceeding.  The testimony of both witnesses should therefore be admitted under Rule 804(b)(1).

The probative value of the testimony relating to the way in which Jorge drove the car at the time of the accident is also undisputed.  <u>See</u> Fed. R. Evid. 403.  The Athridges wish to use Thornburg's testimony to show Jorge's ease in driving a stick-shift vehicle in order to argue that Jorge likely drove the Rivases' car in the past.  And, as discussed previously in this Memorandum Opinion, the statements Jorge made to Thornburg may be used to impeach Jorge's claim, if he asserts one, that he had never driven the car before.  By showing Jorge likely used the vehicle previously, the Athridges strengthen their argument that the owners likely knew of his use of the car, and it follows that Jorge more likely held a reasonable belief that he could use the car on the day of the accident.

The testimony of Detective Shaar is also probative.  The Athridges hope to illustrate through Detective Schaar's testimony that the Rivases' refusal to press charges against Jorge is consistent with the claim that the car was used if not with consent, then at least with a reasonable belief that he was entitled to its use at the time of the accident. The court of appeals recognized the probative value of such testimony in remanding the question of consent in <u>Rivas</u>.  <u>Athridge v. Rivas</u>, 312 F.3d 474, 478 (D.C. Cir. 2002). The testimony of Thornburg[4] and Schaar is therefore admitted and <u>Plaintiffs' Motion in Limine No. 3</u> is granted.

---

[4]  Note that, while the testimony regarding Jorge's facility in driving the car is admissible on its own, testimony regarding what Jorge said to Thornburg about his driving the Rivases' cars before may only be admitted for impeachment purposes.

## VI.      Conclusion

For the reasons stated in this Memorandum Opinion, Plaintiffs' Motion in Limine

No. 1 is granted in part and denied in part; Defendant's Motion in Limine is granted in

part and denied in part; Plaintiff's Motion in Limine No. 2 is granted in part and denied in

part; and Plaintiffs' Motion in Limine No. 3 is granted.  An Order accompanies this

Memorandum Opinion.


_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE


Dated: