**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| THOMAS P. ATHRIDGE, *et al.*, | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | Civil Action No. 96-2708 (JMF) |
| AETNA CASUALTY AND SURETY COMPANY, | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Currently before me, filed the eve of trial, is Plaintiffs' Emergency Motion for Partial Reconsideration and for a Stay [#232]. The motion and request for a stay are denied.

This case has been in litigation for twenty years. By virtue of the evidentiary rulings this Court issued on Friday, mere days before trial, plaintiffs filed the instant motion to stay the case and await the result from the court of appeals in the pending appeal in Athridge v. Rivas, Civ. A. No. 89-1222. Final briefs in the appeal are due March 16, 2007, which, as counsel discussed with the Court this morning, likely means oral argument will not be heard prior to the traditional June recess by the court of appeals. Therefore, if a stay is granted, a trial in the present case may not be possible for another nine months or year.

Plaintiffs insist that, as they are plaintiffs in this action and therefore the party seeking payment from defendant, the application for a stay should be granted. However, other factors unique to this case require careful consideration of plaintiffs' request.

First, Aetna bears the burden of proof in this action and will go first and last in presenting argument and evidence. Aetna fears the presentation of evidence may be jeopardized by the passage of time, a significant consideration when the accident at issue occurred twenty years ago.

Second, days have been set aside by counsel and the Court for this trial to begin today. To go forward, then, is consistent with schedules of all involved, including the parties, witnesses, counsel, and the Court.

Third, there is a profound societal interest in the just and expeditious resolution of controversies. Surely, in a case that is twenty years old, that interest is all the more crucial.

Moreover, as is true of any case, no matter how the issues on appeal are framed, it is impossible to state how the case will be resolved by the D.C. Circuit, let alone how the resolution of issues in the <u>Rivas</u> appeal, to which Aetna is not a party, will affect the present trial. Thus, the most one can say now is that rulings made by the court of appeals in <u>Rivas</u> *might* so affect rulings on evidence in other matters in this case that a second trial will be needed.

Finally, the theoretical possibility of reversal in the <u>Rivas</u> case, which is true of any case brought up on appeal, is overwhelmed by the urgency of going forward, especially when one considers the impossibility of predicting with any precision whether a reversal would have any impact on the present case at all. The potential of the reversal, along with the added question of whether a reversal would affect these proceedings, cannot overcome the profound societal interests in trying a case so old and where the parties, counsel, witnesses, and the Court are so prepared to go forward.

It is therefore hereby **ORDERED** that Plaintiffs' Emergency Motion for Partial Reconsideration and for a Stay [#232] is **DENIED**. Trial begins in this case on Wednesday, February 14, 2007, at 9:30 AM.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: