UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THOMAS P. ATHRIDGE, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AETNA CASUALTY AND SURETY ) <br> COMPANY, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 96-2708 (JMF) |

**MEMORANDUM OPINION**

This matter is again before me on cross-motions for summary judgment, including Defendant's Supplemental Motion for Summary Judgment on All Remaining Issues [#246] ("Defs. Mot.") and Plaintiffs' Renewed Motion for Partial Summary Judgment [#252] ("Pls. Mot."). For the reasons described, Defendant's motion shall be granted and Plaintiffs' motion shall be denied.

**I.   BACKGROUND**

This case has a long and tortured history dating back over twenty years to the accident that took place on July 29, 1987, where then-sixteen-year-old Jorge Iglesias ("Jorge") drove a car owned by his aunt and uncle and seriously injured Tommy Athridge. That accident was the genesis for multiple lawsuits, and the facts of the accident have been described in multiple prior proceedings.[1] It suffices to say that in this

---

[1] See Athridge v. Aetna Cas. & Sur. Co., Civ. A. No. 96-2708, 2006 WL 2844690 (D.D.C. Sept. 29, 2006); Athridge v. Aetna Cas. & Sur. Co., Civ. A. No. 96-2708, 2001 WL 214212 (D.D.C. Mar. 2, 2001); Athridge v. Iglesias, Civ. A. No. 89-1222. 2000 WL 1780273 (D.D.C. Nov. 14, 2000); Athridge v. Aetna Cas. & Sur. Co., 184 F.R.D. 200 (D.D.C. 1998); ); Athridge v. Aetna Cas. & Sur. Co., 184 F.R.D. 181 (D.D.C. 1998); ); Athridge v. Aetna Cas. & Sur. Co., Civ. A. No. 96-2708, 1997 WL 732430 (D.D.C. Sept. 23, 1997). For details surrounding the actual accident, see Athridge v. Rivas, 141 F.3d 357 (D.C. Cir. 1998) ("Rivas I") and Athridge v. Rivas, 312 F.3d 474 (D.C. Cir. 2002) ("Rivas II").

action, Tommy Athridge and his father (the "Athridges") bring suit against Aetna Casualty and Surety Company ("Aetna") for various claims, all but one of which were previously dismissed on summary judgment and affirmed by the D.C. Circuit. See Athridge v. Aetna Cas. & Sur. Co., 351 F.3d 1166 (D.C. Cir. 2003).

The appellate court reversed and remanded the indemnification claim after finding a genuine issue of material fact as to whether Jorge had a reasonable belief in his entitlement to drive the car on the day of the accident. Id. at 1169-70.  If Jorge did have a reasonable belief that he was entitled to drive the car, then Aetna could not claim that Exclusion 11 of its policy excluded him from coverage.  Exclusion 11 provides no coverage "for any person using a vehicle without a reasonable belief that the person is entitled to do so."  A jury trial was held following remand, and on February 21, 2007, a jury found that Aetna had proved by a preponderance of the evidence that Jorge Iglesias did not have a reasonable belief he was entitled to use the car at the time of the accident. Exclusion 11 of Aetna's insurance policy therefore applies to Jorge in this instance, and Aetna is not liable for the damages caused by the accident.

The parties have now briefed the remaining issues for summary judgment. Plaintiffs claim that (1) they are entitled to interest from Aetna on the judgment against Jorge despite the jury verdict, and (2) Aetna is estopped from denying coverage due to Aetna's role in defending Jorge at his trial.  On the other hand, Defendant seeks summary judgment in its favor on Plaintiffs' "estoppel by defense" claim based on prior opinions of this Court and the D.C. Circuit that Plaintiffs have not shown that (a) Aetna controlled Jorge's defense nor that (b) Jorge was in any way prejudiced by Aetna's role in Jorge's defense.

**II.   LEGAL STANDARD**

To prevail on a motion for summary judgment, a party must establish, on the basis of the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When ruling on such a motion, the Court views the evidence in the light most favorable to the non-moving party. Reeves v. Sanderson Plumbing, 530 U.S. 133, 150 (2000). A party opposing a motion for summary judgment must point to more than just "a scintilla of evidence" supporting his position; "there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted).

**III.   PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

One of the many cases generated by the accident was the action brought by the Athridges against Jorge. Judge Harold Greene presided over the bench trial and returned a multi-million dollar verdict against Jorge, see Athridge v. Iglesias, 950 F. Supp. 1187 (D.D.C. 1996), affirmed, Athridge v. Iglasias, No. 96-7261, 1997 WL 404854 (D.C. Cir. June 30, 1997), though the judgment meant nothing for the Athridges because Jorge had no money and soon thereafter filed for bankruptcy. Thus, the Athridges' efforts to collect from Jorge resulted in no actual award for them.

In this action, though Aetna has not been found liable for the judgment that the Athridges have not been able to collect, Plaintiffs seek over $3 million from Aetna in interest on the judgment against Jorge because, they argue, (a) Jorge is a "covered

person" under the plain terms of the policy and (b) Aetna defended the lawsuit before Judge Greene. <u>Plaintiffs' Memorandum in Support of Their Renewed Motion for Partial Summary Judgment and in Opposition to Defendant's Renewed Motion for Summary Judgment</u> [#253] ("Pls. Opp.") at 1.[2] Plaintiffs claim that the enumerated exclusions to the policy apply only to the "Liability Coverage" section of Part A of the Policy and not to the "Supplementary Payments" section. <u>Plaintiffs' Reply in Support of Their Renewed Motion for Partial Summary Judgment</u> ("Pls. Reply") at 6.  But one need only look at the policy to see that Part A includes the exclusion section in the same way that it includes the supplementary payments section, all relating to liability coverage. <u>See</u> <u>Plaintiffs' Motion for Partial Summary Judgment</u> [#198], Exhibit 1, Aetna Personal Auto Policy. The "Supplementary Payments" section is not removed from Part A to apply to the entire policy, irrespective of liability.  Thus, a plain reading of the policy makes clear that the supplementary payment provisions apply to liability coverage in the same manner as the exclusions.  Without liability, the supplementary payment provisions do not exist in a vacuum.

Plaintiffs, however, argue that the language introducing the supplementary payment provisions, that Aetna pays "in addition to our limit of liability," indicates that "Aetna's obligation to pay interest does not depend on a finding of liability." Pls. Opp. at 7.  In support of its interpretation of the language "in addition to," Plaintiffs first argue that interest payments do not depend on a finding of liability as indicated by the Supplementary Payment provisions, which include payment for trial attendance and other

---

[2] The documents at docket entries #252, the memorandum in support of Plaintiffs' motion, and #253, Plaintiffs' opposition to Defendant's motion, are identical.  The Court references the opposition as its motion for partial summary judgment for ease.  The opposition brief does not include page numbers.  All page references are to those generated by the Court's Electronic Case Filing system.

4

reasonable expenses. Id.  Second, Plaintiffs point to other sections of the Policy where the provision explicitly states it is subject to the Policy exclusions.  Without such a provision so providing in the interest clause, Plaintiffs argue, the interest clause in the liability section of Part A cannot be made subject to the exclusion. Id.

Defendant argues quite simply that, despite the legal defects in the interest argument made by Plaintiffs in the first place, the jury verdict mooted the interest issue by removing Jorge from the definition of "covered person." Memorandum of Points and Authorities in Support of Defendant's Supplemental Motion for Summary Judgment on All Remaining Issues ("Def. Mem.") at 2.  According to Aetna, it is only required to make supplementary payments on behalf of a "covered person." Id.  Plaintiffs' contention that Jorge remains a "covered person" following the jury verdict is "contrary to the language of the Policy and common sense." Id. at 3.

Aetna's supplementary payments clause of the Policy clearly states: "In addition to our limit of liability, we will pay on behalf of a covered person . . . 3. Interest accruing after a judgment is entered in any suit we defend." Id. at 4.  Aetna states quite plainly that the supplementary payments are *only* for covered persons and *in addition to* liability coverage. Defs. Mem. at 4.  Aetna owes no liability payments, and Jorge is not a covered person.  Therefore, Aetna argues that it does not owe the Athridges any interest.

Plaintiffs' argument defies simple logic and contorts a plain reading of the policy language.  To follow Plaintiffs' reasoning would require the Supplementary Payment provision located within the policy's description of liability coverage exist entirely independently of any liability coverage. See Reply Memorandum in Support of Defendant's Supplemental Motion for Summary Judgment on All Remaining Issues

5

("Def. Reply") at 2. Moreover, as Aetna explains, the exclusion to liability coverage expressly applies to "person," not type of coverage. Id. at 3. Thus, Jorge could not be deemed *not* a "covered person" for liability purposes yet still be subject to the supplementary provisions by any plain reading of the policy.[3]

Aetna's position is all the more emphasized by Plaintiffs' failure to present any cases where an insurer was found liable for *interest payments* on a judgment for which it was *not liable*. The case law cited by Plaintiffs in fact focuses on interest payments all made *in addition to liability payments*. In Knippen v. Glens Falls Ins. Co., 564 F.2d 525 (D.C. Cir. 1977), the insurer, Glens Falls, agreed to pay the injured the full policy liability limit of $50,000 in the event of a judgment or settlement to avoid any duty to defend the insured. Id. at 527. When judgment was entered against the driver and car manufacturer for $300,000, Glens Falls forwarded a check for $50,000, the full liability policy limit, as "full and final payment of the verdict" against the insured. Id. The injured refused the check and demanded costs and interests on the entire $300,000 judgment. Id. at 528. Glens Falls argued that its obligation to make supplementary interest payments ended with its duty to defend because the agreement to pay the full liability policy limits relieved it of any obligation to make additional supplementary interest payments on the judgment. The court disagreed and found that the insurer's liability for costs continued whether or not it effectively avoided its duty to defend. Id. at

---

[3] In the alternative, Aetna also argues that (1) the Athridges lack standing to enforce the supplementary provisions; (2) Aetna did not "defend" the suit against Jorge within the meaning of the interest clause; (3) GEICO holds the primary obligation to pay any interest on the judgment; and (4) the Athridges cannot now claim conceded material issues of fact as to the interest issue. Def. Reply at 3-7. The Court need not address these arguments because Jorge is not a covered person for purposes of the interest payments, which disposes of the issue.

6

530. Glens Falls was therefore liable for the interest payments *in addition to its liability limit* until it tendered payment for that liability. Id. at 531.

Similarly, in Fratus v. Republic Western Ins. Co., 147 F.3d 25 (1st Cir. 1998), also cited by Plaintiffs, the insurance company did not dispute owing $25,000 as part of a $3 million judgment against the insured in a suit the insurer defended and where the insurance policy indisputably covered the driver. Id. at 27.  However, the insurer never tendered what it owed until at least six years following the verdict, after well over $1 million in interest had accrued on the judgment. Id.  The plaintiff claimed that the insurer owed interest on the entire judgment, despite the fact that the passage of time led to the interest amount far exceeding the insurer's liability limit.  Relying on the clear language of the policy, the court agreed with the plaintiff that the contract terms required the insurer to pay interest—all interest—accruing after the entry of judgment until the limits of liability were tendered.  The insurer therefore had to pay interest on the entire judgment *in addition to its liability limit* under the policy. Id. at 28-29.

Finally, Plaintiffs repeatedly rely on Nat'l Union Fire Ins. Co. v. Aetna Cas. & Sur. Co., 384 F.2d 316 (D.C. Cir. 1967).  In that case, the court refused to allow an insurer who fully assumed the defense of the insured to then take refuge in policy exclusions exempting the liability from coverage. Id. at 318-19.  Plaintiffs argue that the D.C. Circuit rejected the argument that "an exclusionary clause removed the insured from the omnibus clause that covered him initially." Pls. Reply at 6.  But Plaintiffs take the argument out of context.  The question presented to the court in Nat'l Union went to the very question of liability and whether, following the undertaking of the insured's defense, the insurer could then claim an exclusion to deny liability coverage.  It was not the case

7

that liability had conclusively *not* been found, yet the definition of "covered person" stretched to include even those for whom the insurer was not liable. The distinction is crucial and fatal to Plaintiffs' argument.

A very different situation faces this Court than those in the cases cited by Plaintiffs. Simply put, there is no judgment against Aetna for any liability, nor is the liability question an open one. Aetna has never conceded or paid for liability, and the jury verdict eliminated liability under the Policy by finding that Jorge did not have a reasonable belief to drive the car on the date of the accident. Aetna cannot be obligated to pay a supplement to that liability with interest payments on a judgment for which it is not liable. Plaintiffs' motion is denied.

## IV.   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Aetna moves for summary judgment on the interest issue, discussed and resolved above, and on Plaintiffs' "estoppel by defense" claim. <u>Memorandum of Points and Authorities in Support of Defendant's Supplemental Motion for Summary Judgment on All Remaining Issues</u> ("Defs. Mem.") at 3, 6. Moreover, Aetna argues that any issues beyond the question of Jorge's reasonable belief in his entitlement to drive the car at the time of the accident are beyond the mandate of the Circuit remand in violation of the mandate rule. <u>Id.</u> at 8.

Plaintiffs contend that Aetna cannot now deny coverage to Jorge because Aetna defended the Athridges' suit against him without an adequate reservation of rights. Pls. Opp. at 19. In doing so, Plaintiffs argue the following material facts remain in dispute: (1) whether Aetna controlled Jorge's defense, and (2) if Aetna did not control Jorge's defense, whether Jorge was prejudiced by Aetna's role in his defense. Pls. Opp. at 2-3. In

its prior opinion, this Court held that "[n]othing indicates Aetna's control of Jorge's defense . . . and nothing in the evidence suggests prejudice or harm to Jorge" as a result of Aetna's involvement in Jorge's defense. Athridge v. Aetna, 2006 WL 2844690, at *2. In essence, then, Plaintiffs seek reconsideration of this Court's prior decision on the same issue.

The Court articulated the standard for estoppel according to the District of Columbia Court of Appeals, relying on Diamond Serv. Co., Inc. v. Utica Mut. Ins. Co., 476 A.2d 648, 654 (D.C. 1984):

> [E]stoppel "results when an insurance company assumes the defense of an action or claim, with knowledge of a defense of non-liability under the policy." The purpose of such an estoppel rule is to prevent an insurance carrier from defending an action while avoiding coverage of the end result without adequate warning to the insured of the potential conflict of interest. . . . In the District, when an insurer assumes complete control over the insured's defense without an adequate reservation of rights, prejudice is presumed as a matter of law. Whether presumed under the law or proven through demonstrated evidence, prejudice is crucial to a finding of estoppel; without a showing of prejudice, no estoppel can be found.

Athridge v. Aetna, 2006 WL 2844690, at *2 (internal citations omitted). Under District law, then, prejudice may be shown in one of two ways: (1) by presumption as a matter of law when the insurer assumes complete control over the insured's defense without a reservation of rights, pursuant to Walker v. Am. Ice Co., 254 F. Supp. 736 (D.D.C. 1966), and (2) by finding prejudice in fact through the evidence presented. See Athridge v. Aetna, 2006 WL 2844690, at *2-*3. This Court has found no evidence of control or of prejudice whatsoever. Id. Plaintiffs again fail to present any evidence of prejudice to Jorge to warrant denial of summary judgment to Aetna.

9

### A.     Aetna Did Not Control Jorge's Defense

To support its claim for estoppel, Plaintiffs rely solely on Walker, where the court found it unnecessary to show actual prejudice to the insured where the insurer assumed the insured's defense; there, prejudice was presumed as a matter of law. See Walker, 254 F. Supp. at 742; Pls. Opp. at 19.  Plaintiffs, however, miss a crucial point in their reliance on Walker.  At no point has it ever been shown that Aetna assumed the control of Jorge's defense, which precludes the presumption of prejudice.

The D.C. Circuit has held the opposite in finding the participation of Irving Starr, Jorge's attorney, in Jorge's defense undercut any "undue loyalty to Aetna." Athridge v. Aetna, 351 F.3d at 1174-75.  "[A]ny Aetna contribution to Jorge's defense seems like a windfall benefit to Jorge—at least without an allegation that Aetna, Svengali-like, talked Jorge's lawyer out of a better defense." Id.  The Circuit referred to Aetna's providing Jorge with "**temporary** counsel during the liability proceeding in which the Athridges were ultimately awarded a $5.5 million judgment against Jorge." Id. at 1174 (emphasis added).  Providing temporary counsel to assist Jorge's chosen attorney during his trial, even by examining and cross-examining witnesses and contributing to briefs, does not establish that Aetna exerted control over Jorge's defense.

Though the Circuit examined Pearson's involvement related to a claim of conflict of interest and found none, the same facts apply to the question of Pearson's control of Jorge's defense.  For a question of fact to arise and prevent a finding of summary judgment, Plaintiffs must present to the Court actual facts of Pearson's control of Jorge's defense. See Fed. R. Civ. P. 56.  The Athridges cannot do so.  Aetna acknowledges paying Paul Pearson to assist Irving Starr in Jorge's defense at trial but denies that it did

10

so out of any obligation to defend Jorge. Def. Mem. at 6. The payment was to "advance Aetna's interest in mooting the then-pending appeal against Jesus and Alicia Iglesias, whom Aetna was defending through Mr. Pearson." Def. Mem. at 6. If Jorge was found not liable, then the appeal against the Jorge's parents would have been resolved. Pearson's involvement in Jorge's defense does not demonstrate the level of control by Aetna as typified by Walker, where the court found "unambiguous direction" by the insurer to defend the insured as a result of letters between the attorney and the insurer.[4] See Walker, 254 F. Supp. at 740.

Following the Circuit's reasoning, this Court has held that "Starr's role in Jorge's defense necessarily prevented any control over it." Athridge v. Aetna, 2006 WL 2844690, at *3. Plaintiffs fail to present anything beyond what has already been presented and found inadequate to show control of Jorge's defense by Aetna.

**B.    Aetna Did Not Prejudice Jorge's Defense**

Without a showing of control, there is no presumption of prejudice to apply. See id. Turning to the evidence in looking for prejudice, once again, Plaintiffs present nothing new to contradict the Court's prior holding that "nothing in the record demonstrates that Pearson's involvement prejudiced Jorge's defense in any way whatsoever." Id. at *4. Without Plaintiffs presenting actual facts suggesting prejudice, summary judgment must be granted to Aetna. See Fed. R. Civ. P. 56.

As previously noted, Plaintiffs "have had every opportunity to establish why the defense of Starr and Pearson was in any way inadequate," such that prejudice to Jorge resulted. Athridge v. Aetna, 2006 WL 2844690, at *4. The Court stated:

---

[4] The court further based its ruling on the absence of any reservation of rights. Walker, 254 F. Supp. at 742.

11

> Again, nothing in the record demonstrates that Pearson's involvement prejudiced Jorge's defense in any way whatsoever. In fact, the interest of Jorge and Aetna in the matter before Judge Greene were completely aligned. As I stated [previously] . . . "neither Jorge nor Aetna had any interest, let alone conflicting ones, in the resolution of the Athridges' suit against Jorge." The Athridges have had every opportunity to establish why the defense of Starr and Pearson was in any way inadequate. . . . [T]he Athridges have been given multiple opportunities to show some deficiency in Pearson's representation to result in prejudice to Jorge. After yet another review of the record on this motion, there is simply no indication that Pearson's involvement in Jorge's defense caused any inadequacy in Jorge's representation or that the result of the trial would have been any different but for Pearson's involvement. The Athridges therefore cannot support their claim for estoppel with the evidence presented because nothing in the evidence reveals prejudice to Jorge by Pearson's contribution to his defense.

Id. at *3 (internal citations omitted).

Plaintiffs nonetheless contend that a jury must determine "whether damages evidence and argument from the defense would have reduced the amount of the judgment, or whether Aetna's failure to seek settlement between Jorge and Plaintiffs or Aetna's keeping Starr and Jorge in the dark about its representation through Pearson might have prejudiced Jorge." Pls. Opp. at 21. Plaintiffs' contentions of ways in which prejudice *could have been created* cannot overcome their inability to show that any prejudice *was created*, especially when evidence, as acknowledged multiple times in multiple opinions, is to the precise contrary. Even giving all reasonable inferences to Plaintiffs of the evidence on this record, "evidence that is merely colorable or not significantly probative cannot create a genuine issue of material fact. The possibility that a jury might speculate in the plaintiff's favor is insufficient to defeat summary judgment." Haynes v. Williams, 392 F.3d 478, 485 (D.C. Cir. 2004).

Now the Plaintiffs claim that the Court's prior opinion requires a showing of malpractice by Pearson before a finding of prejudice is possible. Pls. Opp. at 21. Plaintiffs misread the Court's opinion.  The Court did not require a showing of malpractice.  The facts that led the Court to determine, and the Circuit to affirm, that Pearson did not commit malpractice also support the finding that Pearson's representation was not in any way deficient and did not cause prejudice to Jorge. See Athridge v. Aetna, 2006 WL 2844690, at *3.  The nature of Pearson's involvement in Jorge's defense supports the finding that he did not cause any prejudice to Jorge as much as it supports the conclusion that he committed no malpractice.[5]

## V.     CONCLUSION

For the reasons explained, Plaintiffs' motion for partial summary judgment is denied, and Defendant's motion for summary judgment is granted.  An Order accompanies this Memorandum Opinion.

_____/s/_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: September 5, 2007

---

[5] The Court's grant of summary judgment to Aetna moots the need to discuss the mandate rule or the adequacy of the reservation of rights letter signed by Jorge. The Court notes, however, that the D.C. Circuit found "Aetna had no duty to defend Jorge on either damages or liability." Athridge v. Aetna, 351 F.3d 1175.  This court has stated that "[n]otably, it is the duty to defend that gives rise to the duty to disclaim coverage or reserve rights at the time the defense is accepted." St. Paul Fire & Marine Ins. Co. v. Children's Hosp. Nat. Med. Ctr., 670 F. Supp. 393, 402 (D.D.C. 1987).